UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-cv-60350-SEITZ/Turnoff

CAPELLA PHOTONICS, INC.,

    Plaintiff.       JURY TRIAL DEMANDED

vs

TELLABS, INC., TELLABS OPERATIONS
INC., CORIANT (USA) INC., and
COLUMBUS NETWORKS USA, INC.,

    Defendant.
_____/

**PLAINTIFF CAPELLA PHOTONICS, INC.'S COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

  Plaintiff Capella Photonics, Inc. ("Capella"), by and through its counsel, files this complaint for patent infringement and demand for jury trial ("Complaint") against Tellabs, Inc. and Tellabs Operations Inc. (together "Tellabs"), Coriant (USA) Inc., and Columbus Networks USA, Inc. (collectively, "Defendants").

  Capella alleges as follows:

## PARTIES

  1.  Capella is a Delaware corporation with a place of business at 5390 Hellyer Ave, San Jose, CA 95138.

### Tellabs

  2.  On information and belief, Tellabs Inc. is a Delaware corporation with a place of business at 1415 West Diehl Road, Naperville, IL 60563.

3. On information and belief, Tellabs Operations Inc. is a Delaware corporation, a wholly owned subsidiary of Tellabs, Inc., and has a place of business at 1415 West Diehl Road, Naperville, IL 60563.

4. On information and belief, at least with respect to the conduct alleged herein, Tellabs Operations Inc. is an agent of Tellabs Inc.

5. On information and belief, at least with respect to the conduct alleged herein, Tellabs Inc. is an agent of Tellabs Operations Inc.

6. On information and belief, Tellabs Inc. manages and controls the operations of Tellabs Operations Inc., including with respect to the accused Tellabs 7100 Optical Transport Series products discussed below.

7. On information and belief, Tellabs has places of business at 1401 N.W. 136th Avenue, Suite 202, Sunrise, FL 33323 and 1000 Corporate Drive, Suite 300, Fort Lauderdale, FL 33334.

Coriant

8. On information and belief, in late 2012, Marlin Equity Partners reached an agreement to purchase the Optical Networks business unit of Nokia Siemens Networks. Marlin completed that acquisition in 2013 and that business is now known as Coriant GmbH.

9. On information and belief, Coriant (USA) Inc. is a Delaware corporation with a place of business at 500 Hills Drive, Suite 230, Bedminster, NJ 07921-1533. On information and belief, Coriant (USA) is registered to do business in the State of Florida.

Coriant Tellabs Merger

10. On information and belief, Tellabs, Inc., Tellabs Operations Inc., and Coriant (USA) Inc. are all owned and operated by Marlin Equity Partners.

11. On information and belief, Marlin Equity Partners is merging the Coriant and Tellabs portfolio companies (including each of Tellabs, Inc., Tellabs Operations Inc., and Coriant (USA) Inc.) under the Coriant brand.

12. On information and belief, Columbus Networks USA, Inc. is the wholesale telecommunications brand and subsidiary of Columbus International Inc. and has a place of business at 15950 W. Dixie Hwy, Miami, FL , 33162.

## JURISDICTION AND VENUE

13. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

14. This court has personal jurisdiction over Defendants at least by virtue of Defendants having engaged in substantial and not isolated business activity in this state, including conducting recent board of director meetings in Miami, and also by having engaged in acts of infringement in this state and specifically in this District.

15. Defendants are subject to personal jurisdiction by this Court under Florida law, including under Florida's long-arm statute, F.S. 48.193 (1)(a)(1)-(2), and/or (2).

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d) and 1400(b).

## THE PATENTS IN SUIT

17. Founded in 2000, Capella is a pioneer of optical switching technologies for use in optical transmission networks.  Capella has designed, developed, produced and sold switching devices for optical transmission networks, including its CR50™ and CR100™ products.

18. As a result of many years of research and development, Capella has been granted an extensive portfolio of patents, including but not limited to those in suit.

19. Capella is the owner of United States Patent No. RE42,368 (the "'368 patent"), titled Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities. The '368 patent was lawfully and duly issued on May 17, 2011. The '368 patent is a reissue of United States Patent No. 6,879,750. A true and correct copy of the '368 patent is attached hereto as **Exhibit A**.

20. Capella is the owner of United States Patent No. RE42,678 (the "'678 patent"), titled Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities. The '678 patent was lawfully and duly issued on September 6, 2011. The '678 patent is a reissue of United States Patent No. RE39,397, which is a reissue of United States Patent No. 6,625,346. A true and correct copy of the '678 patent is attached hereto as **Exhibit B**.

21. Capella holds the right to sue and to recover damages for infringement, including past infringement, of each of the '368 and '678 patents (collectively, the "Patents-in-Suit").

## FACTUAL BACKGROUND

22. Optical fiber is used by telecommunications companies to transmit telephone signals, Internet communications, and cable television signals. Optical fiber is a fast and efficient medium for conducting data in the form of light. Various wavelengths of light travel along optical fiber at the same time, with each wavelength carrying specific data intended for delivery to a specific location. An optical fiber is able to carry Internet traffic, cellular communications, and digital television transmissions simultaneously by using different wavelengths of light to carry the data.

23. Networks using optical fiber cover Florida and span the United States. Networks on a continent or within a country form a grid. Line segments of fiber optic cable intersect at hubs or nodes. At these hubs or nodes, there are switching devices. In modern networks, such as

those traversing Florida and the United States, switching is accomplished in the optical domain by a reconfigurable optical add drop module ("ROADM").

24. ROADMs are the backbone of advanced fiberoptic networks because they route, or switch, signals traveling along fiber optic cables in the directions they need to go. The switching occurs on the wavelength level, which means that a ROADM can separate all the wavelengths of light entering the device and direct them to go in different directions depending on the ROADM's configuration. ROADMs can drop certain wavelengths from a fiber altogether, if so directed, and can also add new wavelengths onto fibers. ROADMs can also control flow across fiber optic cables. If traffic along one cable is particularly heavy at certain times, then a ROADM can manage that load by sending traffic along one fiber at certain times and another fiber at other times.

25. The development of ROADMS and their subsequent introduction into networks enabled video to be sent over the Internet. Before ROADMs, service providers had to use Optical to Electrical to Optical switches ("OEO switches), which meant that data carried along optical cables had to be converted into electrical signals to be routed. In addition, OEO switches were very slow and expensive and took up space the size of a refrigerator. The service providers' introduction of ROADMs into their networks in about 2005 changed this, by allowing video to be transmitted at the speed of light through the ROADM instead of at the speed of electronics which is about 1000 times slower. The cost was also reduced significantly and the size changed from a refrigerator to a small book.

26. As their name suggests, ROADMs are reconfigurable, which means that they can be adjusted to send traffic or wavelengths in different directions at different times.

LOTT & FISCHER, PL • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

27. To ensure network reliability, ROADMs are subjected to a lengthy approval process before they are deployed. In addition, for most networks, more than one vendor is selected. As a result, the ROADMs that are selected for use in optical networks in the United States tend to be interchangeable on one or more levels.

28. On information and belief, Defendants supply and/or deploy and use ROADMs for optical networks deployed in Florida and specifically in this District.

29. On information and belief, Defendants sell, have sold, make, have made, use, and/or have used ROADMs in this District, including by Coriant (USA) Inc.'s selling and supplying of ROADMs to Columbus Networks USA, Inc., the wholesale telecommunications brand of Columbus International Inc., for Columbus Networks USA, Inc.'s Florida Transport Network, which is Columbus Networks USA, Inc.'s main U.S. backbone network and which runs through and has major hubs in this District.

## COUNT I
### (Infringement of the '368 Patent)

30. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

31. Capella is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, the '368 patent by making, using, selling, offering to sell and/or importing optical ROADM products that incorporate a wavelength selective switch ("WSS"), including but not limited to Tellabs's 7100 Optical Transport Series products (further described at www.tellabs.com/products/7000/tellabs7100.shtml), the Coriant hiT 7300 (further described at www.coriant.com/products/hit7300.asp), and other of Defendants' Packet Optical Transport Solutions ("the Infringing Products") .

6

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

32. Capella has suffered and will continue to suffer damage as a result of Defendants' infringement of the '368 patent in an amount to be proven at trial.

33. Defendants have been notified of the infringement of the '368 patent and continue to infringe. Defendants' ongoing infringement reflects a deliberate and conscious decision to infringe the '368 patent or, at the very least, a reckless disregard of Capella's patent rights.

34. At least as of notice provided on February 12, 2014, Defendants Tellabs, Inc.'s, Tellabs Operations Inc.'s, and Coriant (USA) Inc.'s infringement has been willful. Capella is thus entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

35. Defendants' acts of infringement have caused and will continue to cause harm to Capella.

## COUNT II
### (Infringement of the '678 Patent)

36. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

37. Capella is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, the '678 patent by making, using, selling, offering to sell and/or importing optical ROADM products that incorporate a wavelength selective switch ("WSS"), including but not limited to the Infringing Products.

38. Capella has suffered and will continue to suffer damage as a result of Defendants' infringement of the '678 patent in an amount to be proven at trial.

39. Defendants have been notified of the infringement of the '678 patent and continue to infringe. Defendants' ongoing infringement reflects a deliberate and conscious decision to infringe the '678 patent or, at the very least, a reckless disregard of Capella's patent rights.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

40. At least as of notice provided on February 12, 2014, Defendants Tellabs, Inc.'s, Tellabs Operations Inc.'s, and Coriant (USA) Inc.'s infringement has been willful.  Capella is thus entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

41. Defendants' acts of infringement have caused and will continue to cause harm to Capella.

## EXCEPTIONAL CASE

42. The allegations contained in paragraphs 1-30 above are repeated and realleged as if fully set forth herein.

43. Based on, among other things, the facts alleged in paragraphs 1-30, including Defendants' intentional use of the Patents-in-Suit, Defendants' knowledge of their infringement, and Defendants' continued direct and/or indirect infringement, this case is exceptional under 35 U.S.C. § 285, and Capella is entitled to its reasonable costs and expenses of litigation.

## REQUEST FOR RELIEF

WHEREFORE, Capella respectfully requests that this Court enter a judgment:

(a)     Declaring that Defendants have infringed the '368 patent;

(b)     Declaring that Defendants have infringed the '678 patent;

(c)     Awarding Capella damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the Patents-in-Suit up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to compensate Capella for Defendants' infringement adequately, an accounting;

(d)     Awarding increased damages for willful infringement;

(e)     An order enjoining Defendants and their affiliates, subsidiaries, officers, directors,

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the Patents-in-Suit;

(f)     Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Capella its reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

(g)     Awarding Capella such equitable, other, different, and additional relief as this Court deems equitable and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Capella hereby demands trial by jury on all claims and issues so triable.

*[signature on following page]*

Date:  April 29, 2014               Respectfully submitted,

              **LOTT & FISCHER, PL**

              s/ Robert D. Becker
              Ury Fischer
              Florida Bar No. 048534
              E-mail: ufischer@lottfischer.com
              Adam Diamond
              Florida Bar No. 091008
              E-mail: adiamond@lottfischer.com
              355 Alhambra Circle, Suite 1100
              Coral Gables, FL 33134
              Telephone: (305) 448-7089
              Facsimile: (305) 446-6191

              and

              Robert D. Becker*
              California Bar No. 160648
              E-mail: rbecker@manatt.com
              Susanna L. Chenette*
              California Bar No. 257914
              E-mail: schenette@manatt.com
              **MANATT, PHELPS & PHILLIPS, LLP**
              1841 Page Mill Road, Suite 200
              Palo Alto, CA  94304
              Telephone:     (650) 812-1300
              Facsimile:     (650) 213-0260
              *Admitted pro hac vice*

              *Attorneys for Plaintiff Capella Photonics, Inc.*

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on April 29, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

              s/ Adam Diamond
              Adam Diamond

## SERVICE LIST

*Capella Photonics, Inc. v. Tellabs, Inc., et al.*
**United States District Court, Southern District of Florida**

**Case No. 0:14-cv-60350-SEITZ/Simonton**

Service via CM/ECF generated Notices of Electronic Filing:

Stephen B. Gillman
Florida Bar No. 0196734
E-mail: sgillman@shutts.com
Daniel J. Barsky
Florida Bar No. 25713
E-mail: dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile:  (305) 381-9982

J. Pieter van Es*
E-mail:  pvanes@bannerwitcoff.com
V. Bryan Medlock, Jr.*
E-mail:  bmedlock@bannerwitcoff.com
Thomas K. Pratt*
E-mail:  tpratt@bannerwitcoff.com
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, IL  60606
Telephone:  (312) 463-5000
*\*Admitted Pro Hac Vice*

***Attorneys for Defendant Tellabs, Inc.***